RHONDA L. NELSON (State Bar No. 116043)
CODY JAFFE (State Bar No. 215301)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
MERIDIAN MANAGEMENT GROUP,
NORMAND GROLEAU and MICHELLE
GROLEAU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BYKOFF, individually and on behalf of the GENERAL PUBLIC,<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAN MANAGEMENT GROUP, NORMAND GROLEAU and MICHELLE GROLEAU, Individually and as Owner of TERRA VISTA APARTMENTS, CAROL CAPPELLE, and DOES 1 through 100, inclusive,<br><br>Defendants. | State Court Case No.:  CGC 06-459177<br><br>District Court Case No.<br><br>C 07    0984 MHP<br><br>**NOTICE OF REMOVAL**<br>**(Federal Question)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ROBERT BYKOFF AND

HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446 Defendants

Meridian Management Group, Normand Groleau and Michelle Groleau ("Defendants") hereby

remove the above-captioned action from the Superior Court of the State of California, in and for

the County of San Francisco, to the United States District Court, Northern District of California.

Defendant alleges that it is entitled to removal pursuant to 28 U.S.C. § 1331, based upon federal

question jurisdiction, as follows:

1. Meridian Management Group, Normand Groleau, Michelle Groleau, Terra Vista Apartments, and Carol Cappelle are the named defendants in the civil action filed on or about December 29, 2006, by plaintiff Robert Bykoff ("Bykoff") in the Superior Court of the State of California, in and for the County of San Francisco, Case No. CGC 06-459177, entitled *Robert Bykoff, Plaintiff, vs. Meridian Management Group, Normand Groleau and Michelle Groleau, Individually and as Owner of Terra Vista Apartments, Carol Cappelle; and Does 1 through 100, inclusive, Defendants* (the "State Court Action"). Bykoff asserts claims in the State Court Action against Defendants for: (1) The Fair Housing Act; (2) The California Fair Employment & Housing Act; (3) Unruh Civil Rights Act; (4) Harassment; (5) Breach of the Covenant of Quiet Enjoyment; (6) Breach of the Implied Warranty of Habitability; (7) Unfair Business Practices; and (8) Negligence.

2. On January 19, 2007, Bykoff served Meridian and on February 13, 2007 served Normand Groleau and Michelle Groleau with copies of the Summons and Complaint. True and correct copies of these documents are attached hereto as Exhibits 1-2.

3. Defendants have not filed an Answer to Bykoff's Complaint in the State Court Action. Accordingly, the Summons and Complaint attached to Defendants' Notice of Removal constitute all process, pleadings and orders served in the State Court Action.

4. **Federal Question Jurisdiction.** Defendants are entitled to remove the State Court Action on the ground that this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1331, and it is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 3604, the Fair Housing Act, a federal statute, which provides, in part: "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice,..." 42 U.S.C. § 3613(a)(1)(A). This Court may exercise supplemental jurisdiction over the remaining claims in Bykoff's Complaint pursuant to the authority granted in 28 U.S.C. § 1367(a).

   a. **Amount in Controversy.** In his Complaint, Bykoff alleges that he seeks actual, statutory and punitive damages resulting from defendants' debt collection efforts.

Miller also alleges that he has suffered emotional distress. Although Bykoff, in compliance with California law, did not allege a specific dollar amount of alleged damages, he clearly seeks damages in excess of $75,000.

 (1) Bykoff is seeking "back pay, front pay and other special damages according to proof." Compl., Prayer ¶ 2. Bykoff further seeks damages to compensate for emotional distress, pain and suffering and loss of enjoyment of life. Compl., Prayer ¶ 3. He seeks punitive damages. Compl., Prayer ¶ 4. Finally, he seeks "treble actual damages in the amount to be proven, as provided in section 52, subdivision (2) of the Civil Code. Compl., Prayer ¶ 5.

 (2) Bykoff also seeks an award of reasonable attorney's fees, costs and expenses. Compl., Prayer ¶¶ 6-7.

 (3) Accordingly, based on the allegations of Bykoff's complaint, the amount in controversy exceeds $75,000.

5. Defendants are informed, believe and thereon allege that Bykoff has not served defendants Terra Vista Apartments or Carol Cappelle with a Summons or Complaint in the State Court Action.

WHEREFORE, Defendants pray that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

DATED: February 15, 2007

SEVERSON & WERSON
A Professional Corporation

By: _____
Rhonda L. Nelson

Attorneys for Defendants
MERIDIAN MANAGEMENT GROUP,
NORMAND GROLEAU and MICHELLE
GROLEAU

# EXHIBIT 1

# EXHIBIT 1

01/22/2007 MON 16:44 FAX 14159863895                                           ☒002/029
01-11-07;04:31PM;                                                      ;                  # 5/ 31

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

MERIDIAN MANAGEMENT GROUP, NORMAND GROLEAU and MICHELLE GROLEAU, Individually and as Owner of TERRA VISTA APARTMENTS, CAROL CAPPELLE, and DOES 1 through 100, inclusi

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ROBERT BYKOFF, individually and on behalf of the GENERAL PUBLIC

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
400 McAllister Street
San Francisco, CA 94102

**CASE NUMBER:** CGC-06-459177

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Rufus L. Cole, Esq.         720 Market Street, Penthouse Suite      (415) 956-8800
COLE & FASANO              San Francisco, CA 94102-2500          Fax: (415) 956-8811

DATE: DEC 2 9 2006          Clerk, by CRISTINA E. BAUTISTA, Deputy
(Fecha)                     (Secretario)                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): **MERIDIAN MANAGEMENT GROUP**

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other (specify): **BUSINESS ORGANIZATION FORM UNKNOWN**
4. ☑ by personal delivery on (date):

Page 1 of 1
Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                    SUMMONS                    Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 2

# EXHIBIT 2

01/22/2007 MON 16:45 FAX 14159863895 ☒004/029
01-11-07;04:31PM; ; # 6/ 31

Rufus L. Cole, Esq. (SB# 60843)
COLE & FASANO
720 Market Street, 10th Floor
San Francisco, California 94102-2500
Telephone: [415] 956-8800
Facsimile: [415] 956-8811

Attorneys for Plaintiff
ROBERT BYKOFF

ENDORSED
FILED
San Francisco County Superior Court

DEC 29 2006

GORDON PARK-LI, Clerk
BY: ___CRISTINA E. BAUTISTA___
    Deputy Clerk
CASE MANAGEMENT CONFERENCE SET

JUN 0 1 2007 -9ᵃᵐ AM
DEPARTMENT 212

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

(UNLIMITED JURISDICTION)

| | |
|---|---|
| ROBERT BYKOFF, individually and on behalf of the GENERAL PUBLIC<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAN MANAGEMENT GROUP, NORMAND GROLEAU and MICHELLE GROLEAU, Individually and as Owner of TERRA VISTA APARTMENTS, CAROL CAPPELLE, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. CGC 06- 459177<br><br>COMPLAINT FOR MONETARY, INJUNCTIVE AND DECLARATORY RELIEF IN VIOLATION OF:<br><br>(1) THE FAIR HOUSING ACT;<br>(2) THE CALIFORNIA FAIR EMPLOYMENT & HOUSING ACT;<br>(3) UNRUH CIVIL RIGHTS ACT;<br>(4) HARASSMENT;<br>(5) BREACH OF THE COVENANT OF QUIET ENJOYMENT;<br>(6) BREACH OF THE IMPLIED WARRANTY OF HABITABILITY;<br>(7) UNFAIR BUSINESS PRACTICES; AND<br>(8) NEGLIGENCE |

Plaintiff ROBERT BYKOFF complains of Defendants and alleges as follows:

## I.

### INTRODUCTION

1. This is a civil action for damages, injunctive relief, and declaratory relief in which plaintiff alleges that defendant CAROL CAPPELLE engaged in a course of sexual harassment, civil

COMPLAINT FOR HOUSING DISCRIMINATION

Page 1

1  rights violations, and related violations of law in connection with the ownership and operation of the
2  rental premises located at 22 Terra Vista Avenue, San Francisco, California. Plaintiff further alleges
3  that MERIDIAN MANAGEMENT GROUP, and NORMAND GROLEAU and MICHELLE
4  GROLEAU individually and as owners of TERRA VISTA APARTMENTS violated the same laws
5  by participating in, ratifying, or failing to take action to stop the unlawful conduct. In the alternative,
6  plaintiff alleges that each defendant was negligent.

## II.

### JURISDICTION AND VENUE

2. The unlawful practices alleged herein were committed by defendants, and each of them, and the amount of damages sought exceed the minimum jurisdictional limits of this court.

3. Venue is proper in this Court, pursuant to Government Code section 12989, subdivision ©), in that the unlawful practices of defendants, and each of them, occurred in the City and County of San Francisco, California.

## III.

### PARTIES

4. Plaintiff ROBERT BYKOFF ("BYKOFF"), a male, is a resident of the state of California. At all times relevant to this complaint, he was a resident of the City and County of San Francisco, California. Mr. BYKOFF was a resident of an apartment unit located at 22 Terra Vista Avenue, San Francisco, California from approximately 1997 to the present.

5. Defendant NORMAND GROLEAU ("Mr. GROLEAU") is a co-owner of the housing accommodation located at 22 Terra Vista, Unit G-8 in the City and County of San Francisco, California ("subject premises."). The subject premises consists of approximately 100 units in a 7 building apartment complex. Defendants offer the two apartment units for rent to the general public. Each of the two apartment units are a dwelling within the meaning of 42 U.S.C. section 3602 and a housing accommodation within the meaning of Government Code section 12927.

///

COMPLAINT FOR HOUSING DISCRIMINATION
                    — Page 2

6.   Defendant MICHELLE GROLEAU ("Mrs. GROLEAU") is a co-owner of the subject premises. Plaintiff is informed and believes and thereon alleges that Mr. GROLEAU and Mrs. GROLEAU are a married couple.

7.   Defendant MERIDIAN MANAGEMENT GROUP ("MERIDIAN") is and was at all times relevant hereto a residential real estate property management firm engaged in the rental of real property, including, but not limited to units at the TERRA VISTA APARTMENTS.

8.   Defendant CAROL CAPPELLE ("CAPPELLE") is and was a real property manager engaged in the management and rental of condominium and apartment units at the TERRA VISTA APARTMENTS. Defendant CAPPELLE is and was at all times relevant hereto an officer and/or agent and/or employee of defendants MERIDIAN, Mr. and Mrs. GROLEAU and the TERRA VISTA APARTMENTS. In doing the things herein alleged, said defendants were acting within the scope and course of such agency and/or employment, and with the knowledge, permission, and authorization of the acts complained of herein.

9.   Defendants Does 1 through 100n, and each of them, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Their names and capacities are unknown to plaintiff. These Does include, but are not limited to, executors, settlors, co-settlors, administrators, trustors and trustees of any business entity or trust that may own or partially own the subject premises. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes thereon that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were caused by such defendants.

10.   Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant, and was, in doing the things complained of herein, acting within the scope of said agency, service, employment and/or representation, and that each and every defendant herein is jointly and severally responsible and liable to plaintiff for the damages hereinafter alleged.

///

///

## IV.

## STATEMENT OF THE FACTS

11. In or about 1997 Plaintiff ROBERT BYKOFF rented G-8 of the TERRA VISTA APARTMENTS at the subject premises from Defendant CAROL CAPPELLE, manager of the subject premises.

12. During his residency at the subject premises, Mr. BYKOFF was subjected to a continuing pattern of harassment, including but not limited to, sexual harassment, hostile environment, and retaliation by defendant CAPPELLE. Defendants MERIDIAN MANAGEMENT GROUP, and NORMAND GROLEAU and MICHELLE GROLEAU individually and as owners of TERRA VISTA APARTMENTS participated in, ratified, or failed to take action to stop the pattern of harassment. Defendants' actions against plaintiff include, but are not limited to, the following:

   a. Defendant CAPPELLE frequently made sexual comments to Mr. BYKOFF, including but not limited to demanding sexual intercourse with him. She further stated that if Plaintiff did not have sex with her, she would make his life "miserable."

   b. While Mr. BYKOFF was showering, Defendant CAPPELLE admitted herself into Plaintiff's apartment without his permission utilizing her master key. Once inside the apartment, Defendant CAPPELLE offered to wash Mr. BYKOFF's back, an invitation which he rejected, and then refused to leave his apartment after being directed to do so.

   c. On another occasion Defendant CAPPELLE followed Mr. BYKOFF home from a party. Once Plaintiff entered his residence and had gone to bed, Defendant CAPPELLE again used her master key to enter Plaintiff's apartment and then climbed into bed with him. Defendant's action was without Plaintiff's knowledge or consent.

   d. Over Plaintiff BYKOFF's objections, Defendant CAPPELLE caused to be used noxious cleaning compounds in or near Plaintiff's apartment unit which contained

COMPLAINT FOR HOUSING DISCRIMINATION

Page 4

    Plaintiff's pet parrot of 32 years. The day following the use of the cleaning compound, Plaintiff's long time pet was found dead. Plaintiff is informed and believes the cause of death was the use of the cleaning compound to which Plaintiff had objected.

  e. Defendant CAPPELLE harassed Plaintiff by conducting repeated inspections of the garage space Plaintiff rented and continued threats to file complaints with the City of San Francisco for "building code violations" as a consequence of improvements made to the garage space. Such actions were done to harass and retaliate against Plaintiff for his rejections of Defendant CAPPELLE as said Defendant was at all times aware of the improvements made to the garage space and, in fact, had directed and assisted in the alterations.

  f. Defendant CAPPELLE directed the removal of trees and vegetation which sheltered Plaintiff's apartment unit and provided privacy from the view from Defendant CAPPELLE's apartment and other tenants of the TERRA VISTA APARTMENTS.

13. As a result of rejecting Defendant CAPPELLE's marriage proposals and sexual advances, the remainder of Mr. BYKOFF's tenancy at the subject premises has been marred by defendants' acts of retaliation, harassment and false and defamatory allegations. Ms. CAPPELLE regularly and repeatedly asked Plaintiff if he would have sexual relations with her, both in person, at the subject premises, and by calling Mr. BYKOFF. Plaintiff rejected Defendant CAPPELLE's requests for sex and asked her to stop. He stated to Ms. CAPPELLE that he would not change his mind.

14 Following the above described conduct, Plaintiff reported the acts of discrimination and harassment to Defendant MERIDIAN. Despite knowledge of the alleged acts of discrimination towards Plaintiff, Defendants MERIDIAN, Mr. and Mrs. GROLEAU and the TERRA VISTA APARTMENTS failed to take corrective measures concerning Plaintiff's complaints, permitting the continuance of a hostile living environment. Plaintiff is informed and believes and thereon alleges that Defendants have neither investigated his complaints nor taken adequate steps to remedy

COMPLAINT FOR HOUSING DISCRIMINATION

Page 5

the wrongs as alleged in such complaints.

///

15. Defendants' refusal to address Plaintiff's complaints was because of Plaintiff's sex or sexual preference and was done willfully, intentionally, maliciously, oppressively, and pursuant to Defendants' practice or policy of discriminating against Plaintiff on account of his sex or sexual preference.

V.

## DAMAGES

16. As a result of defendants' unlawful conduct, plaintiff suffered emotional distress, including attendant bodily injury, loss of housing opportunity, and violation of her civil rights. Accordingly, plaintiff is entitled to compensatory damages according to proof.

17. Defendants acted with oppression, fraud and malice, and with wanton and conscious disregard of the rights of plaintiff to be free from discrimination in housing accommodations because of her gender. Accordingly, plaintiff is entitled to punitive damages according to proof.

18. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury, and loss, which will continue until this Court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein. Accordingly, plaintiff is entitled to injunctive relief.

19. Plaintiff found it necessary to engage the services of Rufus L. Cole of Cole & Fasano to vindicate his rights under the law. Plaintiff is entitled to reasonable attorney fees.

VI.

### FIRST CAUSE OF ACTION
(Discrimination in Violation of the Fair Housing Act, 42 U.S.C. § 3604)

20. The allegations of paragraphs 1 through 19 are realleged and incorporated herein by reference, and Plaintiff alleges for a first cause of action as follows:

21. Defendants injured plaintiff by committing discriminatory housing practices in

COMPLAINT FOR HOUSING DISCRIMINATION

Page 6

01/22/2007 MON 16:49 FAX 14159863895                                                  ⌀009/029
01-11-07;04:31PM;                                                            ;                  # 11/ 31

1 violation of 42 U.S.C. section 3601 et seq.

2 WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### VII.

### SECOND CAUSE OF ACTION
(Employment Discrimination in Violation of the California Fair Employment and Housing Act, *California Government Code* §12955)

22. The allegations of paragraphs 1 through 21 are realleged and incorporated herein by reference, and Plaintiff alleges for a second cause of action as follows:

23. Defendants injured plaintiff in violation of the Fair Employment and Housing Act, Government Code section 12955, by discriminating against him in the operation of a housing accommodation, including but not limited to engaging in harassment, because of his sex.

WHEREFORE, Plaintiff pray for judgment as hereinafter set forth.

### VIII.

### THIRD CAUSE OF ACTION
(Violation of the Unruh Civil Rights Act, *Civil Code § 51*)

24. The allegations of paragraphs 1 through 23 are realleged and incorporated herein by reference, and Plaintiff allege for a third cause of action as follows:

25. Defendants injured plaintiff in violation of the Unruh Civil Rights Act, California Civil Code section 51, in that defendants discriminated against plaintiff in the operation of the subject premises, a business establishment, because of her sex.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### IX.

### FOURTH CAUSE OF ACTION
(Harassment - As to Defendant Carole CAPPELLE)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 of the Complaint herein.

30. Defendant CAPABLE engaged in acts directed at plaintiff which seriously alarmed,

COMPLAINT FOR HOUSING DISCRIMINATION

Page 7

1  annoyed and harassed plaintiff and which served no legitimate purpose.

2      31.  Defendant's course of conduct would have caused any reasonably person to suffer
3  substantial emotional distress.

4      32.  Plaintiff suffers and continues to suffer substantial emotional distress because of
5  defendant's actions as set forth above.

6      33.  Defendant CAPABLE did the acts alleged herein maliciously, fraudulently, and
7  oppressively, and with the wrongful intention of hurting plaintiff, and with an improper and evil
8  motive amounting to malice. Plaintiff is thus entitled to recover punitive damages in an amount
9  according to proof.

10     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

12                                    X.

13                        **FIFTH CAUSE OF ACTION**
                   (Breach of Covenant of Quiet Enjoyment, *Civil Code §1927*)
14
15     34.  Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of the
    Complaint herein.
16
17     35.  By maintaining a rental dwelling where plaintiff was subjected to, among other
    actions, sexual harassment, coercion, threats of violence, and unlawful entry, defendants breached
18
    the covenant of quiet enjoyment.
19
20     36.  Defendants knew or should have known that plaintiffs would suffer anxiety or
    hardship as a result of defendants' breach of that covenant.
21
22     37.  As a result of defendant's actions, plaintiff lost valuable property interests in the safe
    and quiet enjoyment of her home and her own safety and well-being.
23
24     38.  As a result of defendants' breach of the covenant of quiet enjoyment, plaintiff has
    suffered injuries as alleged herein and is entitled to damages in an amount according to proof.
25
       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.
26  ///
27  ///
28  ///

## XI

### SIXTH CAUSE OF ACTION
(Breach of Implied Warranty of Habitability)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 of the Complaint herein.

40. By renting the premises to plaintiff, defendants impliedly warranted to provide and maintain those premises in a habitable condition. Defendants therefore owed a legal duty to plaintiffs to use due care to provide and maintain habitable premises.

41. By committing the acts and omissions complained of herein, defendants rendered plaintiff's home uninhabitable and not fit for human occupation, thereby breaching those duties.

42. As a result of defendants' breach, plaintiff has suffered harm as described herein.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## XII

### SEVENTH CAUSE OF ACTION
(Violation of the Unfair Business Practices Act,
*Business & Professions Code § 17200*)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of the Complaint herein.

44. Defendants, by and through a pattern or practice of discrimination, have violated and will continue to violate the California Business and Professions Code section 17200 et seq, in that they are engaged in unfair and unlawful trade practices by violating federal and state fair housing laws.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

///
///
///

## XIII.

### EIGHTH CAUSE OF ACTION
(Negligence)

45. The allegations of paragraphs 1 through 44 are realleged and incorporated herein by reference, and Plaintiff allege for an eighth cause of action as follows:

46. Defendants had statutory, common law, and contractual duties to maintain the subject premises in a safe and habitable condition and to not interfere with the civil rights of the plaintiff. Defendants owed the plaintiff a duty to operate their rental properties in a manner that was free from unlawful discrimination and to train themselves to fulfill that duty.

47. Defendants' acts and omissions as set forth herein breached those duties.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## XIV.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff request relief as follows:

1. For a declaratory judgment that the Defendants' acts, policies, and practices complained of herein violate the rights of Plaintiff;

2. For affirmative relief enjoining defendants, their successors, agents, employees, and all persons acting on their behalf or through their orders, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants and to cease and desist from sexual harassment of tenants; For back pay, front pay, and other special damages according to proof;

3. For general damages to compensate Plaintiff for emotional distress, pain and suffering, and loss of enjoyment of life;

4. For punitive damages;

5. For an award of treble actual damages in an amount to be proven, as provided by section 52, subdivision (a), of the Civil Code;

01/22/2007 MON 16:50  FAX 14159863895                                                           ☒013/029

01-11-07;04:31PM;                                                           ;                          # 15/ 31

6. For reasonable attorneys' fees under applicable statute, federal or legal principle;

7. For costs of suit incurred; and

8. For such other and further relief as the Court may deem just and proper.

Dated: December 29, 2006        COLE & FASANO



By: _____
RUFUS L. COLE
Attorney for Plaintiff
ROBERT BYKOFF

BYKOFF\plead\complaint

COMPLAINT FOR HOUSING DISCRIMINATION

Page 11